## MUTUAL SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT AND RELEASE ("Agreement"), entered into on this 1st day of ~~February~~ March, 2005, sets forth the terms of the agreement that has been reached between H.C. Starck Inc. ("Starck") and Reorganized Debtor Fansteel, Inc. ("Fansteel") regarding the various claims asserted by Fansteel against Starck (collectively the "Fansteel Claims"). The terms of this Agreement are effective as of the date that this Agreement is executed by the Parties below (the "Execution Date"). Fansteel and Starck are collectively referred to as "the Parties."

WHEREAS, Fansteel and certain of its subsidiaries (collectively "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code on January 15, 2002 (the "Petition Date");

WHEREAS, the Debtors filed their *Motion for Order Authorizing Payment of Pre-Petition Critical Vendor Claims*, Docket No. 22 (filed on January 15, 2002, the "Critical Vendor Motion") and the *Order Authorizing Debtors to Pay Prepetition Claims of Critical Trade Vendors*, Docket No. 29 (entered on January 17, 2002, the "Critical Vendor Order");

WHEREAS, pursuant to the terms of the Critical Vendor Motion and the Critical Vendor Order, the Parties executed a so-called "Critical Vendor Agreement" dated as of July 16, 2002, pursuant to which Fansteel designated Starck as a critical vendor and Fansteel acknowledged "that the prepetition obligation owed to Starck by Fansteel (the 'Pre-Petition Obligation') is $980,511.86. Pursuant to the Critical Vendor Agreement: (a) Fansteel agreed to pay Starck cash payments, in installment terms, equaling 80% of the Prepetition Obligation; and (b) Starck agreed to provide Fansteel with favorable credit terms on a post-petition basis, and Starck agreed

to release and waive its rights to distribution with respect to the remaining 20% of the Prepetition Obligation;

WHEREAS, pursuant to the terms of the Critical Vendor Agreement, Fansteel paid Starck $784,409.49 (the "Allowed Starck Claim"), which payment wholly satisfied the Allowed Starck Claim and Fansteel's prepetition payment obligations under the Critical Vendor Agreement;

WHEREAS, on September 18, 2003, the Debtors filed their Amended Joint Reorganization Plan (as subsequently modified, or supplemented);

WHEREAS, on November 17, 2003, at the hearing to consider confirmation of the Plan, the Court entered an order confirming the Plan (Docket No. 1622);

WHEREAS, on December 19, 2003, the Debtors filed their Emergency Motion for an Order Pursuant to 11 U.S.C. § 1127(b) Seeking Modification of the Debtors' Amended Joint Reorganization Plan together with the Debtors' proposed Second Amended Joint Plan of Reorganization dated as of December 18, 2003 (the "Amended Plan");

WHEREAS, on December 23, 2003, the Court entered an order (the "Confirmation Order") confirming the Amended Plan and adopting all of the Court's previous findings of fact and conclusions of law set forth in the earlier confirmation order;

WHEREAS, pursuant to the Amended Plan and Confirmation Order, Fansteel and Reorganized Wellman Dynamics Corp. were revested with all of the Debtors' assets not otherwise disposed of under the terms of the Amended Plan, including the right to enforce, sue on, settle or compromise all litigation claims, including the Fansteel Claims that are the subject of this Agreement;

WHEREAS, Fansteel has asserted the Fansteel Claims against Starck in that adversary proceeding captioned *Fansteel, Inc. v. H. C. Starck Inc.*, bearing case no. 04-571 (the "Adversary Proceeding");

WHEREAS, the Parties desire to resolve the disputes regarding the Fansteel Claims;

NOW THEREFORE, in consideration of the foregoing recitals, each of which are true and which are incorporated into and made an integral part of this Agreement, Fansteel and Starck do hereby agree as follows:

1. <u>Payment</u>. Starck agrees to pay to Fansteel a total amount of Ten Thousand Dollars (US $10,000) (the "Payment"). The Payment shall be made by wire transfer to the below described account within five (5) business days after the Effective Date (hereinafter defined):

> Wire Instructions
> Account Number: 978816718
> Account Name: Fansteel Inc. Depository for Preference Payments
> Bank Name: National City Bank
> ABA Number: 072-000-915

The date upon which Fansteel's bank confirms receipt of the wire transfer shall be referred to as the "Release Date."

or

The payment shall be made by check payable and delivered to:

> Fansteel Inc.
> Attn: Sue Worden
> One Tantalun Place
> North Chicago, IL 60064

The date upon which Fansteel's bank confirms clearance of the Payment check shall be referred to as the "Release Date."

2. <u>Dismissal of Litigation</u>. After the Release Date, upon approval of this Agreement through the Procedures Order referred to in Paragraph 16 hereof, or other Order of the Bankruptcy Court, Fansteel shall cause the Adversary Proceeding to be dismissed with prejudice. Each party will bear its own costs relating to the Adversary Proceeding, including attorneys' fees.

3. <u>Release of Fansteel</u>. Except for the obligations contained in this Agreement, and as otherwise provided in paragraph 5 herein, Starck hereby releases and forever discharges Fansteel and the Fansteel bankruptcy estate and their predecessors, successors, assigns, affiliates, subsidiaries (including, without limitation, the Debtors and their successors and assigns), representatives and present and former employees, officers, directors, agents and attorneys from any and all claims, whether known or unknown, that they have or may have against Fansteel and/or the Fansteel bankruptcy estate as of the Release Date, whether or not arising from or relating to the Fansteel Claims or the Payment or otherwise, including, without limitation any claim arising under 11 U.S.C. §502(h). Except for the Allowed Starck Claim and as otherwise provided in paragraph 5 herein, such claims and all other claims which may have been filed or asserted by Starck against the Fansteel bankruptcy estate shall be deemed withdrawn. Starck shall receive no future distributions by reason of any such claims, the Allowed Starck Claim (which has been paid in full) or otherwise.

4. <u>Release of Starck</u>. Except for the obligations contained in this Agreement and as otherwise provided in paragraph 5 herein, Fansteel, on behalf of itself, the Fansteel bankruptcy estate and together with its successors, assigns, affiliates, subsidiaries (including, without limitation, the Debtors and their successors and assigns), and representatives, hereby releases and forever discharges Starck, their present and former employees, officers, directors, agents and

attorneys (in their capacities as representatives of Starck) from any and all claims and causes of action, of any nature or type, whether known or unknown, that Fansteel has or may have against Starck as of the Release Date, whether or not arising out of the Fansteel Claims, or the Payment.

5.  <u>Continuing Effectiveness of Post-Petition Agreements</u>. Notwithstanding the releases contained herein, nothing contained in this Agreement shall affect the respective rights, remedies and obligations of Starck and Fansteel, or any of their successors, under the Evergreen Consignment Agreement/Inventory Consignment Agreement dated as of July 17, 2002, and any other contract, purchase order or other agreement entered into by Starck and Fansteel or any of the Debtors or their successors after the Petition Date (collectively, the "Post-Petition Agreements"). Without limiting the generality of the foregoing, nothing herein shall release any claims of Starck or Fansteel arising under the Post-Petition Agreements in the event that Starck or Fansteel has delivered or will deliver product to Starck or Fansteel or any of the Debtors or their successors for which either Starck or Fansteel has not been paid or does not receive payment pursuant to the terms thereof. It is expressly acknowledged that Fansteel is not liable to Starck for any actions of any of its successors.

6.  <u>Applicable Law</u>. This Agreement shall be governed by the internal laws of the State of Delaware, and shall be construed and interpreted in accordance with its laws, notwithstanding its conflict of laws, principles or any other rule, regulation or principle that would result in the application of any other state's law.

7.  <u>Warranties</u>. Each of Fansteel and Starck warrants that it is the sole and current owner of the claims released by this agreement and that it is authorized to enter into this Agreement. Each individual signing this Agreement on behalf of any party represents and warrants that he/she has full authority to do so. Each party agrees to indemnify the other from

any loss or expense (including, without limitation, attorneys fees) that may be incurred as a result of any breach of this warranty.

8. <u>Parties Bound</u>. The Parties acknowledge that each and every covenant, warranty, release and agreement contained herein shall inure to the benefit of, and be binding upon, the agents, subsidiaries, employees, officers, directors, assigns, and successors in interest (including any third party purchasers) of the Parties, including but not limited to Fansteel, the Fansteel bankruptcy estate, any Chapter 11 or Chapter 7 Trustee or Examiner heretofore or hereafter appointed, and further including any other trustee or statutory committee heretofore or hereinafter appointed.

9. <u>Entirety of Agreement</u>. The Parties acknowledge that this Agreement constitutes the entire agreement between the Parties with respect to the subject matter hereof, and all prior agreements, negotiations and understandings with respect to the subject matter hereof are canceled and superseded by this Agreement. The Parties agree that this Agreement may not be varied in its terms by an oral agreement or representation or otherwise, except by an instrument in writing of subsequent date hereof executed by all of the Parties.

10. <u>No Admission of Liability.</u> Starck denies liability for any claims that Fansteel has asserted against Starck, and Fansteel denies liability for any claims that Starck may have asserted against Fansteel. This Agreement is a compromise of disputed claims and shall never be construed as an admission of liability or responsibility for any purpose by any party.

11. <u>Confidentiality.</u> Each of Fansteel and Starck agrees to keep confidential and not disclose (and shall use its best efforts to cause its officers, directors, employees and agents to keep confidential and not disclose) any of the terms of this Agreement or the negotiations leading up to the execution of this Agreement, except as required by law, by any court, the

Amended Plan, administrative or legislative body or by any regulator, or except as such terms are provided by Fansteel and Starck in the ordinary course of business on a confidential basis to their attorneys, accountants, consultants, lenders, insurers or others in privity of contract to the extent necessary for such parties to fulfill their responsibilities.

12. <u>Severability.</u> Should any provision of this Agreement be held by any court of competent jurisdiction to be illegal, invalid or unenforceable for any reason, then the remaining portions of this Agreement will nonetheless remain in full force and effect, unless such portion of the Agreement is so material that its deletion would violate the obvious purpose and intent of the Parties.

13. <u>Construction.</u> Each Party represents and warrants that it has had an opportunity to fully review the provisions of this Agreement with attorneys of its own choice as a result of which the Parties hereto acknowledge and agree (a) that any rule of law that provides that ambiguities are to be construed against the drafting party shall not be employed in the interpretation of this Agreement and (b) that each Party signing this Agreement is entering into this Agreement knowingly, voluntarily, and of its own free will.

14. <u>No Waiver.</u> The Parties agree that no breach of any provision hereof can be waived except in writing. The waiver of a breach of any provision hereof shall not be deemed a waiver of any other breach of any provision hereof.

15. <u>Execution.</u> The Parties agree that this Agreement may be executed in one or more counterparts, any one of which need not contain the signatures of more than one party, but all such counterparts taken together shall constitute one and the same Agreement. Facsimile and electronically transmitted signatures shall be deemed to have the same effect as original signatures.

16. <u>Approval</u>. This Agreement is subject to the approval of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") in Fansteel's pending chapter 11 case, either pursuant to the terms of the Order Authorizing and Approving Omnibus Procedures for Settling Certain Claims and Causes of Action Brought by Reorganized Debtors in a Judicial, Administrative, Arbitral or Other Action or Proceeding entered May 3, 2004 (the "Procedures Order") or other order of the Court. The Effective Date is the date that counsel for Fansteel advises counsel for Starck that this Agreement has been approved as provided in this paragraph. If this Agreement is not so approved, then (a) this Agreement shall be null and void and of no effect; (b) nothing contained herein shall be deemed to be an admission, waiver or concession of, or be in any way binding upon, any party hereto in connection with any future litigation over the matters referenced herein, including but not limited to the Fansteel Claims and any defenses or counterclaims thereto.

17. <u>Retention of Jurisdiction</u>. The Bankruptcy Court or the United States District Court for the District of Delaware, as the case may be, shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Agreement. Starck consents to the jurisdiction of said Courts to resolve any disputes or controversies between the Parties hereto arising from or related to this Agreement. Any motion or application brought before either Court

*[Remainder of page intentionally left blank.]*

to resolve a dispute arising from or related to this Agreement shall be brought on proper notice in accordance with the applicable Federal Rules of Bankruptcy or Civil Procedure and Local Rules of said Court.

Dated: 02/23, 2005

AGREED TO BY:

H. C. STARCK INC.

By: _____
Dirk Plega
Chief Financial Officer

Dated: 3-1, 2005

FANSTEEL, INC.
Reorganized Debtor

By: _____
Its: _____

27311-002\DOCS_LA:135119.1          9